1  JOSEPH T. MCNALLY
   Acting United States Attorney
2  LINDSEY GREER DOTSON
   Assistant United States Attorney
3  Chief, Criminal Division
   ANNE C. GANNON
4  Assistant United States Attorney
   Chief, Santa Ana Branch Office
5  MELISSA S. RABBANI (Cal. Bar No. 283993)
   Assistant United States Attorney
6      U.S. ATTORNEY'S OFFICE
       411 West Fourth Street, Suite 8000
7      Santa Ana, California 92701
       Telephone: (714) 338-3500
8      Facsimile: (714) 338-3561
       E-mail:   melissa.rabbani@usdoj.gov
9
   Attorneys for Plaintiff
10 UNITED STATES OF AMERICA

11              UNITED STATES DISTRICT COURT

12          FOR THE CENTRAL DISTRICT OF CALIFORNIA

13                  SOUTHERN DIVISION

14

15 UNITED STATES OF AMERICA,          No. 8:25-cr-00062-SRM

16          Plaintiff,               PLEA AGREEMENT FOR DEFENDANT
                                     ROSS ANDREW RANDALL
17              v.

18 ROSS ANDREW RANDALL,

19          Defendant.

20

21

22      1.   This constitutes the plea agreement between defendant Ross

23 Andrew Randall ("defendant") and the United States Attorney's Office

24 for the Central District of California (the "USAO") in the above-

25 captioned case.  This agreement is limited to the USAO and cannot

26 bind any other federal, state, local, or foreign prosecuting,

27 enforcement, administrative, or regulatory authorities.

28

F I L E D
CLERK, U.S. DISTRICT COURT
04/28/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DVE _____ DEPUTY

1

<u>DEFENDANT'S OBLIGATIONS</u>

2. Defendant agrees to:

a. Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a single-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with possession of child pornography in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).

b. Not contest facts agreed to in this agreement.

c. Abide by all agreements regarding sentencing contained in this agreement.

d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g. Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h. Agree to and not oppose the imposition of the following conditions of probation or supervised release:

i. Within three (3) days of release from prison or commencing probation, defendant shall register as a sex offender, and

2

keep the registration current, in each jurisdiction where the defendant resides, is employed and is a student, pursuant to the registration procedures that have been established in each jurisdiction. When registering for the first time, the defendant shall also register in the jurisdiction in which the conviction occurred if different from the defendant's jurisdiction of residence. The defendant shall provide proof of registration to the Probation Officer within 48 hours of registration.

ii. Defendant shall participate in a psychological counseling or psychiatric treatment or a sex offender treatment program, or any combination thereof as approved and directed by the Probation Officer.  The defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraph and Abel testing.  The defendant retains the right to invoke the Fifth Amendment. The Court authorizes the Probation Officer to disclose the Presentence Report, and any previous mental health evaluations or reports, to the treatment provider.  The treatment provider may provide information (excluding the Presentence report), to State or local social service agencies (such as the State of California, Department of Social Service), for the purpose of the client's rehabilitation.

iii. As directed by the Probation Officer, the defendant shall pay all or part of the costs of psychological counseling or psychiatric treatment, or a sex offender treatment program, or any combination thereof to the aftercare contractor during the period of community supervision. The defendant shall provide payment and proof of payment as directed by the Probation

Officer.  If the defendant has no ability to pay, no payment shall be required.

        iv.  The defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting or describing child pornography, as defined in 18 U.S.C. §2256(8), or sexually explicit conduct depicting minors, as defined at 18 U.S.C. §2256(2). This condition does not prohibit the defendant from possessing materials solely because they are necessary to, and used for, a collateral attack, nor does it prohibit the defendant from possessing materials prepared and used for the purposes of the defendant's Court-mandated sex offender treatment, when the defendant's treatment provider or the probation officer has approved of the defendant's  possession of the material in advance.

        v.   The defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall the defendant open or maintain a post office box, without the prior written approval of the Probation Officer.

        vi.  The defendant shall not contact any victims in this matter by any means, including in person, by mail or electronic means, or via third parties. Further, the defendant shall remain at least 100 yards from any victim at all times.  If any contact occurs, the defendant shall immediately leave the area of contact and report the contact to the Probation Officer.

        vii. The defendant shall not enter, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, amusement and theme parks, or other places primarily used by persons under the age of 18, without

the prior written authorization of the probation officer.

        viii.    The defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: (a) in the presence of the parent or legal guardian of said minor; and (b) on the condition that the defendant notify said parent or legal guardian of the defendant's conviction in the instant offense/prior offense. This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., whom the defendant must interact with in order to obtain ordinary and usual commercial services.

        ix.  The defendant shall not affiliate with, own, control, volunteer or be employed in any capacity by a business or organization that causes the defendant to regularly contact persons under the age of 18.

        x.    The defendant shall not affiliate with, own, control, volunteer or be employed in any capacity by a business whose principal product is the production or selling of materials depicting or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).

        xi.  The defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer.  The defendant shall submit the name and address of the proposed employer to the Probation Officer at least ten (10) days prior to any scheduled change.

        xii. Defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18. Defendant's residence shall be approved

by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer. Defendant shall submit the address of the proposed residence to the Probation Officer at least ten days prior to any scheduled move.

xiii.    The defendant shall submit to a search, at any time, with or without warrant, and by any law enforcement or probation officer, of the defendant's person and any property, house, residence, vehicle, papers, computers, cell phones, other electronic communication or data storage devices or media, email accounts, social media accounts, cloud storage accounts, effects and other areas under the defendant's control, upon reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions.

xiv. The defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting or describing child erotica, which is defined as a person under the age of 18 in partial or complete state of nudity, in sexually provocative poses, viewed for the purpose of sexual arousal.

xv.    The defendant shall possess and use only those digital devices, screen usernames, email accounts, social media accounts, messaging applications, and cloud storage accounts, as well as any passwords or passcodes for all such digital devices and accounts, that have been disclosed to the Probation Officer upon commencement of supervision.  Any new devices, accounts, applications, passwords, or passcodes are to be disclosed to the Probation Officer prior to the first use. A digital device is any

1  electronic system or device that can access, view, obtain, store, or

2  transmit digital data related to child pornography.

3          xvi. All computers, computer-related devices, and

4  their peripheral equipment, used by the defendant shall be subject to

5  search, seizure and computer monitoring.  This shall not apply to

6  items used at the employment site that are maintained and monitored

7  by the employer.

8          xvii.    The defendant shall comply with the rules

9  and regulations of the Computer Monitoring Program.  The defendant

10  shall pay the cost of the Computer Monitoring Program.

11     3.   Defendant further agrees that any and all criminal debt

12  ordered by the Court will be due in full and immediately.  The

13  government is not precluded from pursuing, in excess of any payment

14  schedule set by the Court, any and all available remedies by which to

15  satisfy defendant's payment of the full financial obligation,

16  including referral to the Treasury Offset Program.  Defendant thus

17  agrees to:

18          a.   Complete the Financial Disclosure Statement on a form

19  provided by the USAO and, within 30 days of defendant's entry of a

20  guilty plea, deliver the signed and dated statement, along with all

21  of the documents requested therein, to the USAO by either email at

22  usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial

23  Litigation Section at 300 North Los Angeles Street, Suite 7516, Los

24  Angeles, CA 90012.  Defendant agrees that defendant's ability to pay

25  criminal debt shall be assessed based on the completed Financial

26  Disclosure Statement and all required supporting documents, as well

27  as other relevant information relating to ability to pay.

28          b.   Authorize the USAO to obtain a credit report upon

7

1  returning a signed copy of this plea agreement.

2          c.    Consent to the USAO inspecting and copying all of

3  defendant's financial documents and financial information held by the

4  United States Probation and Pretrial Services Office.

5                          THE USAO'S OBLIGATIONS

6      4.    The USAO agrees to:

7          a.    Not contest facts agreed to in this agreement.

8          b.    Abide by all agreements regarding sentencing contained

9  in this agreement.

10          c.    At the time of sentencing, provided that defendant

11  demonstrates an acceptance of responsibility for the offense up to

12  and including the time of sentencing, recommend a two-level reduction

13  in the applicable Sentencing Guidelines offense level, pursuant to

14  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

15  additional one-level reduction if available under that section.

16          d.    Recommend that defendant be sentenced to a term of

17  imprisonment no higher than 60 months.

18                          NATURE OF THE OFFENSE

19      5.    Defendant understands that for defendant to be guilty of

20  the crime charged in the information, that is, possession of child

21  pornography, in violation of Title 18, United States Code, Sections

22  2252A(a)(5)(B) and (b)(2), the following must be true: (i) defendant

23  knowingly possessed matters that defendant knew contained visual

24  depictions of a minor engaged in sexually explicit conduct; (ii)

25  defendant knew the visual depiction contained in the matters showed a

26  minor engaged in sexually explicit conduct; (iii) defendant knew that

27  production of such a visual depiction involved use of a minor in

28  sexually explicit conduct; and (iv) each visual depiction had been

1  (a) mailed, shipped, or transported using any means or facility of

2  interstate commerce or in or affecting interstate commerce, or (b)

3  produced using any means or facility of interstate or foreign

4  commerce or shipped or transported in or affecting interstate or

5  foreign commerce by any means, including by computer.

6      6.  Defendant understands that for defendant to be subject to

7  the statutory maximum sentence set forth below, the government must

8  prove beyond a reasonable doubt that at least one visual depiction

9  possessed by defendant involved a prepubescent minor, or a minor who

10  had not attained 12 years of age, engaged in sexually explicit

11  conduct.  Defendant admits that defendant, in fact, possessed videos

12  that depicted prepubescent minors, or minors who had not attained 12

13  years of age, engaged in sexually explicit conduct.

14                    <u>PENALTIES AND RESTITUTION</u>

15      7.  Defendant understands that the statutory maximum sentence

16  that the Court can impose for a violation of Title 18, United States

17  Code, Sections 2252A(a)(5)(B) and (b)(2), is: 20 years' imprisonment;

18  a lifetime period of supervised release; a fine of $250,000 or twice

19  the gross gain or gross loss resulting from the offense, whichever is

20  greatest; and a mandatory special assessment of $100.

21      8.  Defendant understands that the statutory mandatory minimum

22  sentence that the Court must impose for a violation of Title 18,

23  United States Code, Sections 2252A(a)(5)(B) and (b)(2) is: a five-

24  year period of supervised release and a mandatory special assessment

25  of $100.

26      9.  Defendant understands that, pursuant to the Justice for

27  Victims of Trafficking Act of 2015, the Court shall impose an

28  additional $5,000 special assessment if the Court concludes that

                                9

defendant is a non-indigent person, to be paid after defendant's other financial obligations have been satisfied.

10. Defendant understands that, pursuant to 18 U.S.C. § 2259A, the Court may impose an additional special assessment of up to $17,000.

11. Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offense to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offense to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty. Defendant understands that, under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, the Court shall impose a restitution amount of not less than $3,000 per victim.

12. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

13. Defendant understands that as a condition of supervised

release, under Title 18, United States Code, Section 3583(d),
defendant will be required to register as a sex offender.  Defendant
understands that independent of supervised release, he will be
subject to federal and state registration requirements, for a
possible maximum term of registration up to and including life.
Defendant further understands that, under Title 18, United States
Code, Section 4042(c), notice will be provided to certain law
enforcement agencies upon his release from confinement following
conviction.

14.  Defendant understands that, by pleading guilty, defendant
may be giving up valuable government benefits and valuable civic
rights, such as the right to vote, the right to possess a firearm,
the right to hold office, and the right to serve on a jury.
Defendant understands that he is pleading guilty to a felony and that
it is a federal crime for a convicted felon to possess a firearm or
ammunition.  Defendant understands that the conviction in this case
may also subject defendant to various other collateral consequences,
including but not limited to revocation of probation, parole, or
supervised release in another case and suspension or revocation of a
professional license.  Defendant understands that unanticipated
collateral consequences will not serve as grounds to withdraw
defendant's guilty plea.

15.  Defendant and his counsel have discussed the fact that, and
defendant understands that, if defendant is not a United States
citizen, the conviction in this case makes it practically inevitable
and a virtual certainty that defendant will be removed or deported
from the United States.  Defendant may also be denied United States
citizenship and admission to the United States in the future.

1  Defendant understands that while there may be arguments that
2  defendant can raise in immigration proceedings to avoid or delay
3  removal, removal is presumptively mandatory and a virtual certainty
4  in this case.  Defendant further understands that removal and
5  immigration consequences are the subject of a separate proceeding and
6  that no one, including his attorney or the Court, can predict to an
7  absolute certainty the effect of his conviction on his immigration
8  status.  Defendant nevertheless affirms that he wants to plead guilty
9  regardless of any immigration consequences that his plea may entail,
10  even if the consequence is automatic removal from the United States.

FACTUAL BASIS

12      16.  Defendant admits that defendant is, in fact, guilty of the
13  offense to which defendant is agreeing to plead guilty.  Defendant
14  and the USAO agree to the statement of facts provided below and agree
15  that this statement of facts is sufficient to support a plea of
16  guilty to the charge described in this agreement and to establish the
17  Sentencing Guidelines factors set forth in paragraph 18 below but is
18  not meant to be a complete recitation of all facts relevant to the
19  underlying criminal conduct or all facts known to either party that
20  relate to that conduct.

21      On August 7, 2024, defendant, while in Orange County,
22  California, used an electronic device connected to the BitTorrent
23  file-sharing network.  The electronic device belonged to defendant,
24  and defendant was the sole user of the electronic device.  On that
25  date, defendant knowingly possessed approximately 30 videos of child
26  pornography on his electronic device, including the three videos
27  identified in the Information.

28      At least three of the videos on defendant's electronic device

depicted a prepubescent minor and minor who had not attained 12 years of age – specifically, a toddler – engaging in sexually explicit conduct.

Defendant admits and agrees that he knew the videos that he possessed contained visual depictions of minors engaging in sexually explicit conduct, that he knew each visual depiction contained in the videos showed minors engaged in sexually explicit conduct, and that he knew that production of such visual depictions involved use of a minor engaged in sexually explicit conduct. Defendant admits and agrees that he knew at least three of the videos that he possessed depicted a prepubescent minor and minor who had not attained 12 years of age – specifically, a toddler - engaging in sexually explicit conduct.

Defendant admits and agrees that the children depicted in the child pornography videos are real children, and defendant downloaded the videos from the Internet, which is a means and facility of interstate and foreign commerce, using a computer.

<u>SENTENCING FACTORS</u>

17.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds

1  appropriate up to the maximum set by statute for the crime of

2  conviction.

3      18.  Defendant and the USAO agree to the following applicable

4  Sentencing Guidelines factors:

5  Base Offense Level:          18     [U.S.S.G. § 2G2.2(a)(1)]

6  Prepubescent Minor:          +2     [U.S.S.G. § 2G2.2(b)(2)]

7  Infant/Toddler:              +4    [U.S.S.G. § 2G2.2(b)(4)(B)]

8  Use of Computer:             +2     [U.S.S.G. § 2G2.2(b)(6)]

9
   600+ Images:                 +5     [U.S.S.G. § 2G2.2(b)(7)]
10

11  The USAO will agree to a two-level downward adjustment for acceptance

12  of responsibility (and, if applicable, move for an additional one-

13  level downward adjustment under U.S.S.G. § 3E1.1(b)) only if the

14  conditions set forth in paragraph 2 are met and if defendant has not

15  committed, and refrains from committing, acts constituting

16  obstruction of justice within the meaning of U.S.S.G. § 3C1.1, as

17  discussed below. Subject to paragraph 30 below, defendant and the

18  USAO agree not to seek, argue, or suggest in any way, either orally

19  or in writing, that any other specific offense characteristics,

20  adjustments, or departures relating to the offense level be imposed.

21  Defendant agrees, however, that if, after signing this agreement but

22  prior to sentencing, defendant were to commit an act, or the USAO

23  were to discover a previously undiscovered act committed by defendant

24  prior to signing this agreement, which act, in the judgment of the

25  USAO, constituted obstruction of justice within the meaning of

26  U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set

27  forth in that section and to argue that defendant is not entitled to

28  a downward adjustment for acceptance of responsibility under U.S.S.G.

1  § 3E1.1.

2      19.  Defendant and the USAO reserve the right to argue for a

3  sentence outside the sentencing range established by the Sentencing

4  Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),

5  (a)(2), (a)(3), (a)(6), and (a)(7).

6                   <u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

7      20.  Defendant understands that by pleading guilty, defendant

8  gives up the following rights:

9          a.  The right to persist in a plea of not guilty.

10          b.  The right to a speedy and public trial by jury.

11          c.  The right to be represented by counsel -- and if

12  necessary have the Court appoint counsel -- at trial.  Defendant

13  understands, however, that, defendant retains the right to be

14  represented by counsel -- and if necessary have the Court appoint

15  counsel -- at every other stage of the proceeding.

16          d.  The right to be presumed innocent and to have the

17  burden of proof placed on the government to prove defendant guilty

18  beyond a reasonable doubt.

19          e.  The right to confront and cross-examine witnesses

20  against defendant.

21          f.  The right to testify and to present evidence in

22  opposition to the charges, including the right to compel the

23  attendance of witnesses to testify.

24          g.  The right not to be compelled to testify, and, if

25  defendant chose not to testify or present evidence, to have that

26  choice not be used against defendant.

27          h.  Any and all rights to pursue any affirmative defenses,

28  Fourth Amendment or Fifth Amendment claims, and other pretrial

1    motions that have been filed or could be filed.

2                WAIVER OF RETURN OF DIGITAL DATA

3        21.  Understanding that the government has in its possession

4    digital devices and/or digital media seized from defendant, defendant

5    waives any right to the return of digital data contained on those

6    digital devices and/or digital media and agrees that if any of these

7    digital devices and/or digital media are returned to defendant, the

8    government may delete all digital data from those digital devices

9    and/or digital media before they are returned to defendant.

10                WAIVER OF APPEAL OF CONVICTION

11       22.  Defendant understands that, with the exception of an appeal

12   based on a claim that defendant's guilty plea was involuntary, by

13   pleading guilty defendant is waiving and giving up any right to

14   appeal defendant's conviction on the offense to which defendant is

15   pleading guilty.  Defendant understands that this waiver includes,

16   but is not limited to, arguments that the statute to which defendant

17   is pleading guilty is unconstitutional, and any and all claims that

18   the statement of facts provided herein is insufficient to support

19   defendant's plea of guilty.

20            LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

21       23.  Defendant agrees that, provided the Court imposes a total

22   term of imprisonment on all counts of conviction of no more than 97

23   months, defendant gives up the right to appeal all of the following:

24   (a) the procedures and calculations used to determine and impose any

25   portion of the sentence; (b) the term of imprisonment imposed by the

26   Court; (c) the fine imposed by the Court, provided it is within the

27   statutory maximum; (d) to the extent permitted by law, the

28   constitutionality or legality of defendant's sentence, provided it is

1  within the statutory maximum; (e) the term of probation or supervised
2  release imposed by the Court, provided it is within the statutory
3  maximum; and (f) any of the following conditions of probation or
4  supervised release imposed by the Court: the conditions set forth in
5  Second Amended General Order 20-04 of this Court; the drug testing
6  conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the
7  alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7);
8  and any conditions of probation or supervised release agreed to by
9  defendant in paragraph 2 above.

10      24.  The USAO agrees that, provided all portions of the sentence
11  are at or below the statutory maximum specified above, the USAO gives
12  up its right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

14      25.  Defendant agrees that if, after entering a guilty plea
15  pursuant to this agreement, defendant seeks to withdraw and succeeds
16  in withdrawing defendant's guilty plea on any basis other than a
17  claim and finding that entry into this plea agreement was
18  involuntary, then (a) the USAO will be relieved of all of its
19  obligations under this agreement; and (b) should the USAO choose to
20  pursue any charge that was either dismissed or not filed as a result
21  of this agreement, then (i) any applicable statute of limitations
22  will be tolled between the date of defendant's signing of this
23  agreement and the filing commencing any such action; and
24  (ii) defendant waives and gives up all defenses based on the statute
25  of limitations, any claim of pre-indictment delay, or any speedy
26  trial claim with respect to any such action, except to the extent
27  that such defenses existed as of the date of defendant's signing this
28  agreement.

1

### EFFECTIVE DATE OF AGREEMENT

2      26.  This agreement is effective upon signature and execution of

3 all required certifications by defendant, defendant's counsel, and an

4 Assistant United States Attorney.

5

### BREACH OF AGREEMENT

6      27.  Defendant agrees that if defendant, at any time after the

7 signature of this agreement and execution of all required

8 certifications by defendant, defendant's counsel, and an Assistant

9 United States Attorney, knowingly violates or fails to perform any of

10 defendant's obligations under this agreement ("a breach"), the USAO

11 may declare this agreement breached.  All of defendant's obligations

12 are material, a single breach of this agreement is sufficient for the

13 USAO to declare a breach, and defendant shall not be deemed to have

14 cured a breach without the express agreement of the USAO in writing.

15 If the USAO declares this agreement breached, and the Court finds

16 such a breach to have occurred, then: (a) if defendant has previously

17 entered a guilty plea pursuant to this agreement, defendant will not

18 be able to withdraw the guilty plea, and (b) the USAO will be

19 relieved of all its obligations under this agreement.

20      28.  Following the Court's finding of a knowing breach of this

21 agreement by defendant, should the USAO choose to pursue any charge

22 that was either dismissed or not filed as a result of this agreement,

23 then:

24      a.  Defendant agrees that any applicable statute of

25 limitations is tolled between the date of defendant's signing of this

26 agreement and the filing commencing any such action.

27      b.  Defendant waives and gives up all defenses based on

28 the statute of limitations, any claim of pre-indictment delay, or any

1    speedy trial claim with respect to any such action, except to the

2    extent that such defenses existed as of the date of defendant's

3    signing this agreement.

4          c.    Defendant agrees that: (i) any statements made by

5    defendant, under oath, at the guilty plea hearing (if such a hearing

6    occurred prior to the breach); (ii) the agreed to factual basis

7    statement in this agreement; and (iii) any evidence derived from such

8    statements, shall be admissible against defendant in any such action

9    against defendant, and defendant waives and gives up any claim under

10   the United States Constitution, any statute, Rule 410 of the Federal

11   Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

12   Procedure, or any other federal rule, that the statements or any

13   evidence derived from the statements should be suppressed or are

14   inadmissible.

15            COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

16                              OFFICE NOT PARTIES

17        29.    Defendant understands that the Court and the United States

18   Probation and Pretrial Services Office are not parties to this

19   agreement and need not accept any of the USAO's sentencing

20   recommendations or the parties' agreements to facts or sentencing

21   factors.

22        30.    Defendant understands that both defendant and the USAO are

23   free to: (a) supplement the facts by supplying relevant information

24   to the United States Probation and Pretrial Services Office and the

25   Court, (b) correct any and all factual misstatements relating to the

26   Court's Sentencing Guidelines calculations and determination of

27   sentence, and (c) argue on appeal and collateral review that the

28   Court's Sentencing Guidelines calculations and the sentence it

chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 18 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

31.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

32.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

33.  The parties agree that this agreement will be considered

part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

JOSEPH T. MCNALLY
Acting United States Attorney

_____          4/21/2025
MELISSA S. RABBANI                        _____
Assistant United States Attorney          Date

_____          4/2/2025
ROSS ANDREW RANDALL                       _____
Defendant                                 Date

_____          4/2/2025
DIANE C. BASS                             _____
Attorney for Defendant                    Date

### CERTIFICATION OF DEFENDANT

     I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the

21

representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_Ross Randall_                                   _4/2/2025_

ROSS ANDREW RANDALL                              Date
Defendant

<u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

I am Ross Andrew Randall's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_Diane Bass_                                     4/2/2025

DIANE C. BASS                                    Date
Attorney for Defendant